UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| | : | |
| v. | : | Honorable Leda Dunn Wettre |
| | : | |
| KELVIN ROSARIO | : | Mag. No. 20-13305 |
| a/k/a "Noah Johnson" | : | |

I, Alyssa M. Gracek, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Postal Inspector with the United States Postal Inspection Service, and that this complaint is based on the following facts:

SEE ATTACHMENT B

Continued on the attached page and made a part hereof.

_____
Alyssa M. Gracek, Postal Inspector
United States Postal Inspection Service

Postal Inspector Gracek attested to this affidavit by telephone pursuant to Rule 4.1(b)(2)(A) of the Federal Rules of Criminal Procedure.

Sworn to and subscribed before me
this 10th day of June, 2020 in the
District of New Jersey

HONORABLE LEDA DUNN WETTRE            _____
UNITED STATES MAGISTRATE JUDGE         Signature of Judicial Officer

## ATTACHMENT A

(Possession with Intent to Distribute Cocaine)

On or about June 9, 2020, in Bergen County, in the District of New Jersey and elsewhere, defendant

**KELVIN ROSARIO**
**a/k/a "Noah Johnson,"**

did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(l) and (b)(l)(B).

## ATTACHMENT B

I, Alyssa M. Gracek, am a Postal Inspector with the United States Postal Inspection Service ("USPIS"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and evidence. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation.

1. On or about June 8, 2020, while conducting routine examinations of priority mail parcels, law enforcement selected for further examination a United States Postal Service ("USPS") parcel arriving from Puerto Rico that was addressed to a "Noah Johnson" at a residential address in Garfield, New Jersey (the "Parcel"). That examination revealed that the Parcel contained paper products, candy and other food items, along with a reusable lunch bag that contained two packages wrapped in black material and covered with plastic wrap. The two black packages contained a powdery-white substance that field-tested positive for cocaine. The total weight of the cocaine in the two black packages was approximately two kilograms.

2. On or about June 8, 2020 at approximately 3:00 p.m., defendant KELVIN ROSARIO ("ROSARIO") arrived at the Garfield Post Office and inquired about the Parcel. ROSARIO presented a postal employee with his identification and the tracking information for the Parcel. The address on ROSARIO's identification matched the delivery address on the Parcel, although the intended recipient's name was "Noah Johnson." ROSARIO provided his telephone phone number to the postal employee for a follow up response on the location of the Parcel. Subsequently, ROSARIO approached his local mail carrier to inquire about the location of the Parcel. After speaking with the mail carrier, ROSARIO subsequently called the Garfield Post Office to inquire on the location of the Parcel.

3. On or about June 8, 2020, when law enforcement contacted the telephone number that ROSARIO provided to the Garfield postal employee purportedly to provide an update on the Parcel's availability. During this telephone call, the person who answered the telephone number provided by ROSARIO identified himself as "Noah Johnson."

4. On or about June 8, 2020, law enforcement learned through a search of postal databases that, at approximately 8:28 p.m., an individual using the same telephone number that ROSARIO provided to the Garfield postal employee registered that telephone number on the USPS's website for SMS text message tracking updates on the Parcel, again using the tracking number for the Parcel.

5.  On or about June 9, 2020, law enforcement partially replaced the contents of the package with sham cocaine and called the telephone number that ROSARIO provided to advise that the Parcel was ready for pickup. Approximately 20 minutes after that call, at approximately 3:44 p.m., ROSARIO arrived at the Garfield Post Office to retrieve the Parcel. ROSARIO approached the mail window to retrieve the Parcel and presented the tracking number for the Parcel and his identification to a Garfield postal employee. ROSARIO stated, in substance, that "someone called me to pick up my package." ROSARIO retrieved the Parcel from a postal employee and then exited the post office. Law enforcement observed ROSARIO obtain the Parcel and then exit the post office with the Parcel and proceed to the parking lot of the Garfield post office.